**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD BROWN,** | : | |
| **Plaintiff,** | : | **Case No. 2:05-cv-555** |
| **v.** | : | **Judge Holschuh** |
| **JIM KARNES, SHERIFF, et al.,** | : | **Magistrate Judge Kemp** |
| **Defendants.** | : | |
| | : | |

## <u>MEMORANDUM OPINION & ORDER</u>

Plaintiff Donald Brown filed suit in the Franklin County Court of Common Pleas against Franklin County Sheriff Jim Karnes, Deputy Sheriff Michael Durbin, and the Franklin County Sheriff's Office.  Plaintiff sought relief under 42 U.S.C. § 1983 for injuries allegedly inflicted by Deputy Sheriff Durbin during the course of an arrest.  Defendants removed the case to federal court on the basis of federal question jurisdiction.  This matter is currently before the Court on the motion to dismiss filed by Sheriff Karnes and the Franklin County Sheriff's Office.  (Record at 4).  For the reasons set forth below, the Court grants the motion.

## I.      Background

On April 29, 2004, Franklin County Sheriff's Deputy Michael Durbin arrested Plaintiff Donald Brown.  Plaintiff alleges that Durbin then, without provocation, beat him, causing severe injuries to his face, head, and arm.  Plaintiff filed suit under 42 U.S.C. § 1983 against Franklin County Sheriff Jim Karnes, Michael Durbin, and the Franklin County Sheriff's Office.  He alleged that Durbin, while acting under color of state law, violated his constitutional rights.

Plaintiff also alleged that Sheriff Karnes and the Franklin County Sheriff's Office violated his constitutional rights "by, through and proximately resulting from the intentional, willful, wanton and malicious beating and assault of Plaintiff without privilege or provocation, by Durbin, who was in [their] employ . . . at the time." (Compl. ¶¶ 13, 16).  Pursuant to Fed. R. Civ. P. 12(b)(6), Sheriff Karnes and the Franklin County Sheriff's Office filed a motion to dismiss for failure to state a claim upon which relief can be granted.

## II.    Standard for Granting Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  See Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974); Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).  The Court will, however, indulge all reasonable inferences that might be drawn from the pleading.  See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997).

2

When determining the sufficiency of a complaint in the face of a motion to dismiss, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Yushasz v. Brush Wellman, Inc., 341 F.3d 559, 562 (6th Cir. 2003). Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., -- U.S. -- , 125 S. Ct. 1497, 1510 (2005) (citing Scheuer, 416 U.S. at 236).

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley, 355 U.S. at 47; Lewis, 135 F.3d at 405. However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(emphasis original). Bare assertions of legal conclusions are insufficient. See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating

3

that the plaintiff does not have a claim. <u>Little v. UNUM Provident Corp.</u>, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing <u>Rauch v. Day & Night Mfg. Corp.</u>, 576 F.2d 697 (6th Cir. 1978)).

## III.    Discussion

Plaintiff filed suit against Deputy Durbin, the Franklin County Sheriff's Office, and Sheriff Jim Karnes, seeking recovery pursuant to 42 U.S.C. § 1983. That statute provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. The Franklin County Sheriff's Office and Sheriff Karnes have moved to dismiss the claims against them.

### A.    Franklin County Sheriff's Office

Ohio courts have determined that "[u]nder Ohio law, a county sheriff's office is not a legal entity that is capable of being sued." <u>Barrett v. Wallace</u>, 107 F. Supp. 2d 949, 954 (S.D. Ohio 2000)(citing <u>Batchik v. Summit County Sheriff's Dep't</u>, No. 13783, 1989 WL 26084 (Ohio Ct. App. Mar. 15, 1989)). Defendants therefore argue that the § 1983 claim against the Franklin County Sheriff's Office must be dismissed. Plaintiff has not responded to this argument. The Court finds that Defendants have correctly stated the law and that dismissal of Plaintiff's § 1983 claim against the Franklin County Sheriff's Office is appropriate.

4

**B.**     **Sheriff Karnes**

As noted earlier, Plaintiff's Complaint alleges that Sheriff Karnes violated Plaintiff's constitutional rights "by, through and proximately resulting from the intentional, willful, wanton and malicious beating and assault of Plaintiff without privilege or provocation, by Durbin, who was in the employ of Karnes at the time." (Compl. ¶ 13). Plaintiff's Complaint does not specify whether he is suing Sheriff Karnes in his official capacity or his individual capacity.[1] However, because neither the face of the Complaint nor the "course of proceedings" indicates that Plaintiff is suing the Sheriff in his individual capacity, the Court finds that the Sheriff has been sued only in his official capacity. See Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001).[2]

As such, the § 1983 claim against Sheriff Karnes is the equivalent of a claim against Franklin County, and is governed by Monell v. Department of Social Services, 436 U.S. 658 (1978). While a governmental entity may be considered a "person" for purposes of § 1983, it cannot be held liable for the acts of its employees on a *respondeat superior* theory. Id. at 691. A

---

[1] As the Supreme Court noted in Kentucky v. Graham, 473 U.S. 159 (1985), a claim brought against a government employee in his or her *individual* capacity seeks to hold the employee personally liable for actions taken under color of state law. In contrast, a claim brought against a government employee in his or her *official* capacity is the equivalent of a claim brought against the governmental entity itself because, if the plaintiff succeeds, the judgment is paid by the governmental entity. Id. at 165-66.

[2] A supervisor cannot be held personally liable under § 1983 on the basis of *respondeat superior*. A supervisor is subject to personal liability only if the supervisor "encouraged the specific incident of misconduct or in some other way directly participated in it." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). The supervisor must have "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending [officers]." Id. (citing Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982)). Plaintiff's Complaint is devoid of any allegations that Sheriff Karnes encouraged the alleged beating or directly participated in it.

governmental entity may be held liable for constitutional violations only if those violations are the result of an official policy or custom.  Id. at 694.  See also City of Canton v. Harris, 489 U.S. 378, 389 (1989)(official policy or custom must be the "moving force" behind the alleged constitutional deprivation); Hafer v. Melo, 502 U.S. 21, 25 (1991)(because the real party in interest in an official-capacity suit is the governmental entity, "the entity's 'policy or custom' must have played a part in the violation of federal law").

Defendants contend that because Plaintiff's Complaint is devoid of any claim that the alleged constitutional violation was the result of an official policy or custom of Franklin County, and devoid of any factual allegations that would support such a finding, Plaintiff has failed to state a claim upon which relief can be granted against Sheriff Karnes.  The Court agrees.

Plaintiff cites to one unreported case in support of his claim that his allegations are sufficient to state a claim a claim of municipal liability.  In Ratcliff v. Darby, No. 02CA2832, 2002 WL 31721942 at *6 (Ohio Ct. App. Dec. 2, 2002), the Fourth District Court of Appeals found that the trial court had erred in dismissing claims against the Scioto County Commissioners and the Sheriff based on the fact that plaintiff had failed to allege that the constitutional violations were the result of an official policy or practice.  The appellate court held that it was enough for plaintiff to allege that a sheriff's office employee, while acting under color of state law, had violated his constitutional rights.

With all due respect to the Fourth District Court of Appeals, there is abundant case law to the contrary.  See Lanier v. Bryant, 332 F.3d 999, 1007 (6th Cir. 2003)(district court properly dismissed § 1983 claim where plaintiff did not allege that recordings were made pursuant to an official policy or custom); Doe v. Claiborne County, 103 F.3d 495, 509 (6th Cir. 1996)

6

(affirming dismissal of § 1983 claim against county "because Doe failed to articulate or plead a policy attributable to it"); Pillette v. Detroit Police Dep't, 661 F. Supp. 1145, 1150 (E.D. Mich. 1987)(dismissing claims against municipality and noting "Plaintiff has alleged only actions by individual police officers, and has not related them to any policy statement, ordinance, regulation, decision, or custom"); Conway v. Village of Mount Kisco, 750 F.2d 205, 213 (2d Cir. 1984)(affirming dismissal of § 1983 claim against village because plaintiff "did not allege that her injury stemmed from the execution of a custom or policy").

Plaintiff argues that Fed. R. Civ. P. 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Nevertheless, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid, 859 F.2d at 436. In this case, Plaintiff has failed to state facts sufficient to constitute an official capacity claim against Sheriff Karnes actionable under § 1983. Sheriff Karnes is therefore entitled to dismissal of the claim against him.

At Plaintiff's request, the Court will, however, dismiss the claim against Sheriff Karnes without prejudice. Plaintiff shall have thirty (30) days from the date of this Memorandum Opinion and Order to file an Amended Complaint re-asserting his § 1983 official capacity claim against Sheriff Karnes, if he can do so within the constraints of Fed. R. Civ. P. 11.

**IV.    Conclusion**

For the reasons stated, the Court **GRANTS** Defendants' motion to dismiss the § 1983 claims against the Franklin County Sheriff's Office and Sheriff Jim Karnes. (Record at 4). The claim against the Franklin County Sheriff's Office is dismissed with prejudice. The claim brought against Sheriff Karnes in his official capacity, however, is dismissed without prejudice.

Plaintiff shall have thirty (30) days from the date of this Memorandum Opinion and Order to file an Amended Complaint re-asserting his § 1983 official capacity claim against Sheriff Karnes, if he can do so within the constraints of Fed. R. Civ. P. 11.

**IT IS SO ORDERED.**


Date: September 13, 2005                    **/s/ John D. Holschuh**
                                            John D. Holschuh, Judge
                                            United States District Court